UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SHANE TRAMANE MILLER, Plaintiff | CIVIL ACTION NO. 1:16-CV-1772-P |
| VERSUS | CHIEF JUDGE DRELL |
| C.A. FREDERICK, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Shane Tramane Miller ("Miller") (#552609). Miller has been granted leave to proceed *in forma pauperis*. (Doc. 9). Miller is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at LaSalle Correctional Center ("LCC") in Olla, Louisiana. Miller names as defendants Warden C.A. Frederick and Assistant Wardens Orlan Davidson and Richard Crooks. Miller complains about the conditions of confinement at LCC and Defendants' failure to move him to a work release program.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.  Background

Miller alleges that the kitchen at LCC failed a health inspection. Miller complains that the kitchen is unsanitary, containing flies and fly traps. He alleges that inmates with runny noses and watery eyes serve food in the food line. Miller also

complains of mold around the vents in his dormitory, which cause him to cough up "black mucus" every night. (Doc. 1, p. 3).

Miller alleges that he is eligible for work release, but he has not been transferred "for unknown reasons." (Doc. 1, p. 3). Miller complains that the deprivation of work release has put him "into further financial crisis." (Doc. 1, p. 3).

## II. Law and Analysis

### A. Miller's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Miller is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Miller's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Miller's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

B. <u>Miller has not alleged unconstitutional conditions of confinement.</u>

"The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 349 (1981)). The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement. That is, prison officials must "ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." <u>Farmer</u>, 511 U.S. at 832 (internal citations omitted).

To the extent that prison conditions are restrictive, and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. <u>See Rhodes</u>, 452 U.S. at 347. "However, when the restrictions of confinement rise to a level that results in physical torture, it can result in pain without penological purpose constituting cruel and unusual punishment under the Eighth Amendment." <u>Bradley v. Puckett</u>, 157 F.3d 1022, 1025 (5th Cir.1998) (citing <u>Rhodes</u>, 452 U.S. at 347).

The complaints Miller raises about the kitchen at LCC do not "rise to a level that results in physical torture" or "violate contemporary standards of decency." <u>Bradley</u>, 157 F.3d. at 1025. Additionally, Miller's allegation that mold around the vent in his dorm causes his to "cough up black mucus" every night is conclusory. Miller does not provide any support for his claim. Miller does not allege that he ever sought medical treatment for his cough, or that any doctor related the cough to mold around an air conditioning vent.

Moreover, to establish deliberate indifference in the context of the Eighth Amendment, the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed. See Farmer, 511 U.S. at 837. Miller does not allege that he ever complained about the air-conditioning vents needing cleaning. The administrative grievance submitted with Miller's complaint only complains about the conditions in the kitchen. (Doc. 1-1, p. 1). Miller does not allege that Defendants acted with deliberate indifference regarding his cough or the air-conditioning vents.

### C. Miller is not entitled to a transfer to a work release program.

Miller complains that he has not been transferred to work release despite his eligibility. The classification of inmates is left to the discretion of prison officials. See McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990). Moreover, an inmate has no liberty or property interest in a work release program. See Bulger v. U.S. Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995) (prisoners have no property interest in work release employment); Welch v. Thompson, 20 F.3d 636, 644 (5th Cir. 1994) (prisoners have no liberty interest in work release employment). Without a liberty or property interest protected by the Due Process Clause, Miller cannot show the violation of his constitutional rights from Defendants failure to move him to a work release program.

### III. Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Miller's complaint be **DENIED** and **DISMISSED** with prejudice under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___8th___ day of March, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge